# United States Bankruptcy Court, Northern District of Illinois

| Name of Assigned Judge | A. Benjamin Goldgar | CASE NO. | 20 B 17315 |
|---|---|---|---|
| **DATE** | September 7, 2021 | **ADVERSARY NO.** | 21 A 67 |
| **CASE TITLE** | Patrick S. Layng, U.S. Trustee v. Waseem Khan | | |
| **TITLE OF ORDER** | Order denying motion to dismiss | | |

**DOCKET ENTRY TEXT**

The motion of defendant Waseem Khan to dismiss the adversary complaint of U.S. Trustee Patrick S. Layng is denied. Khan must answer the complaint on or before October 5, 2021. Separate scheduling and discovery orders will be entered.

**[For further details see text below.]**

## STATEMENT

Before the court for ruling is the motion of defendant Waseem Khan under Rule 12(b)(6) to dismiss the adversary complaint of U.S. Trustee Patrick S. Layng. For the reasons below, the motion will be denied.

In his complaint, the U.S. Trustee objects to Khan's discharge under 11 U.S.C. § 727. Though hardly the "short and plain statement" Rule 8(a)(2) calls for – the complaint has 41 pages, 328 paragraphs, and nine counts – the claims are clear enough. The gist is that in the years before his bankruptcy, Khan became involved (and indeed is still involved) in a messy divorce case with his wife. To avoid paying her, he engaged in a massive scheme to transfer and conceal his assets. And the assets were substantial. Khan's family business, a business he ran and in which he had an interest, owned several real properties. Khan himself also owned an expensive home and several expensive cars. According to the U.S. Trustee, the concealment continued well into the year before Khan filed his bankruptcy case and into the case itself: he failed to disclose all of his assets in his schedules, and he has been unable to explain adequately what happened to some of them.

In response to the complaint, Khan has moved to dismiss the complaint for failure to state a claim. His motion is 14 pages. But apart from two perfunctory paragraphs on the standards under Rules 12(b)(6) and 9(b), Khan supplies no legal authority at all to support his argument. The motion cites nothing – not one judicial decision, not one treatise or other secondary source.

# STATEMENT

This will not do. Parties moving for relief must provide a legal argument warranting that relief, and the argument must be "bolstered by relevant legal authority." *330 W. Hubbard Rest. Corp. v. United States*, 203 F.3d 990, 997 (7th Cir. 2000). Khan has evidently decided to let the court do his legal research for him. But a court does not serve as the parties' research assistant, doing the work they cannot be bothered to do: it is emphatically "not [the] court's responsibility to research and construct the parties' arguments." *Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010) (internal quotation omitted); *see also Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011). And that is especially true when parties have counsel, as Khan has here. *Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1036-37 (7th Cir. 2021).

Arguments a party makes with no supporting legal authority are forfeited. *Schaefer v. Universal Scaffolding & Equip., LLC*, 839 F.3d 599, 607 (7th Cir. 2016). So when a party moves to dismiss a complaint and cites no legal authority, the court can deny the motion for that reason alone. *See, e.g., Anton Realty, LLC v. Fifth Third Bank*, No. 1:15-cv-00199-RLY-TAB, 2015 WL 8675188, at *7 (S.D. Ind. Dec. 11, 2015) (denying a motion to dismiss that cited "no authority whatsoever"); *Heinold Commodities, Inc. v. Elliott*, No. 86 C 7963, 1987 WL 8977, at *3 (N.D. Ill. Mar. 30, 1987) (denying a motion to dismiss that "offer[ed] next to nothing in the way of authority or analysis"); *cf. Venue Chisca, LLC v. Jones*, No. 1:19-cv-01054-SLD-JEH, 2019 WL 5455009, at *2 (C.D. Ill. Aug. 8, 2019) (deciding a motion to dismiss that had "no legal analysis" but noting that the court would have been "justified in denying the motion . . . on this basis alone").

A final point. After the U.S. Trustee filed its brief in opposition, Khan submitted a short five-page reply making a new argument for dismissal and citing a single case. But advancing arguments and citing authority for the first time in a reply is too late: the U.S. Trustee will have no chance to respond. *White v. United States*, ___ F.4th ___, ___, 2021 WL 3483447, at *3 (7th Cir. 2021) (noting that arguments raised for the first time in a reply "leave no chance to respond"). As courts have explained ad nauseam, a movant cannot simply lie in wait and then sandbag his opponent in a reply. Doing so is "dirty pool." *Schenberg v. Leventhal (In re Leventhal)*, Nos. 10 B 12257, 11 A 1467, 2012 WL 1067568, at *3 n.3 (Bankr. N.D. Ill. Mar. 22, 2012). Because it is, arguments a party raises for the first time in a reply are forfeited. *Zylstra v. DRV, LLC*, ___ F.4th ___, ___, 2021 WL 3503435, at *9 (7th Cir. 2021). So are arguments a party supports with legal authority for the first time. *Vanco v. Mancini*, 495 F. Supp. 3d 712, 726 (N.D. Ill. 2020) (holding that parties could not cure their failure to cite legal authority in their opening brief by citing it in their reply).

Parties who want favorable judicial decisions have a responsibility to help courts reach them by making clear, thorough, well-reasoned, and – most important here – *adequately supported* arguments. If they decline to, courts need not "fill the void by crafting arguments and performing the necessary legal research" themselves. *Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001). This court will not "fill the void" Khan has left. *Id.* His arguments are

**STATEMENT**

forfeited. His motion will be denied.

For these reasons, the motion of defendant Waseem Khan to dismiss the adversary complaint of U.S. Trustee Patrick S. Layng is denied. Khan must answer the complaint on or before October 5, 2021. Separate scheduling and discovery orders will be entered.

Dated: September 7, 2021

                                                A. Benjamin Goldgar
                                                United States Bankruptcy Judge