**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| WASEEM KHAN, | ) | No. 20 B 17315 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| PATRICK S. LAYNG, U.S. Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 21 A 67 |
| | ) | |
| WASEEM KHAN, | ) | |
| | ) | |
| Defendant. | ) | Judge Goldgar |

**<u>MEMORANDUM OPINION</u>**

This adversary proceeding has been pending for nine months, and still the parties are attacking each other's pleadings.  One reason is the unusual animosity the two sides evidently feel toward each other.  Another is that the animosity has not translated into effort.  Each side has been content to raise questions about the pleadings, but neither has been willing to do the work necessary to get those questions answered.

Khan was the initial offender.  The U.S. Trustee began this proceeding by filing a massive complaint:  328 paragraphs spread over 41 pages.  Khan then moved to dismiss the complaint under Rule 12(b)(6) for failure to state claim.  But Khan supplied no legal authority to support dismissal – none at all – and so his motion was denied.  *Layng v. Khan (In re Khan)*, Nos. 20 B 17315, 21 A 67, 2021 WL 5121894, at *1 (Bankr. N.D. Ill. Sept. 7, 2021) (noting that "a court does not serve as the parties' research assistant, doing the work they cannot be bothered

to do").

Now the U.S. Trustee has taken a turn.  His dismissal motion denied, Khan filed a massive answer asserting no fewer than eighteen defenses.  The U.S. Trustee has moved to strike all eighteen because none "is a legally sufficient affirmative defense."  (Mot. at 3).  With two exceptions, the U.S. Trustee says, the defenses do not admit the complaint's allegations and then raise additional facts or argument that defeat liability.  *See Bell v. Taylor*, 827 F.3d 699, 704-05 (7th Cir. 2016) (explaining affirmative defenses).  Instead, they "attempt to refute . . . the allegations in the complaint."  (Mot. at 4-5).  But the U.S. Trustee simply offers that broad description, quotes all sixteen defenses, and leaves it at that.  (*See id.* at 5-6).  He does not analyze each defense and explain why it is improper.  In particular, he does not identify *which* of his allegations each defense supposedly tries to refute.

Once again, "[t]his will not do."  *Khan*, 2021 WL 5121894, at *1.  Just as it was not the court's task to do Khan's legal research, it is not the court's task to do the U.S. Trustee's factual research.  A court need not scour the parties' papers to find evidence to support their arguments. *Varlen Corp v. Liberty Mut. Ins. Co.*, 924 F.3d 456, 460 (7th Cir. 2019); *Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005); *see also Spitz v. Proven Winners N. Am., LLC*, 759 F.3d 724, 731 (7th Cir. 2014) (noting that the court does not have to "play archaeologist with the record").  If the U.S. Trustee believes the defenses contradict his allegations, he has to *identify* the allegations involved, not leave it to the court to comb through the complaint's 328 paragraphs and guess which ones the U.S. Trustee is talking about.  *See Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 613 (7th Cir. 2006) (stressing that "[a]n advocate's job is to make easy for the court to rule in his client's favor").

Because the U.S. Trustee has not provided the analysis to warrant striking defenses 1-3,

-2-

5-16, and 18, his motion to strike those defenses will be denied.  The denial, though, will be without prejudice.  He may file a new motion with the analysis his current motion lacks.[1]

That leaves the two exceptions, defenses 4 and 17.  As to those defenses, the U.S. Trustee's motion will be granted.  Defense 4 asserts that Khan's conveyance of property the parties call "the Spokane House" occurred "more than four (4) years before the filing of . . . the bankruptcy case." (Ans. at 59).  Defense 17 similarly asserts that Khan transferred title to a 2007 Bentley "more than four (4) years" before the case was filed.  (*Id.* at 60-61).  The U.S. Trustee characterizes these as limitations defenses and argues that the four-year look-back period for avoiding fraudulent transfers (presumably where Khan is getting his four-year period) is irrelevant here because the complaint does not seek to avoid a fraudulent transfer.[2]

The U.S. Trustee is right.  His complaint does not allege fraudulent transfer claims.  It objects to Khan's discharge under section 727(a) of the Code.  The only "limitations" defense to a section 727(a) claim appears in Bankruptcy Rule 4004(a), which requires a complaint objecting to a debtor's discharge to be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)."  Fed. R. Bankr. P. 4004(a); *see also Lincoln Nat'l Life Ins. Co. v.*

---

[1]     The U.S. Trustee should consider whether a new motion is worthwhile.  If, as he maintains, the affirmative defenses merely contradict allegations of the complaint and so are not true defenses, *Bell*, 827 F.3d at 705 (noting that a "denial" of a complaint's allegations is "not an affirmative defense"); *Divine v. Volunteers of Am.*, 319 F. Supp. 3d 994, 1003 (N.D. Ill. 2018 (same), they do not affect the issues and so add nothing to Khan's answer.  A prettier answer, one that omits the defenses, would have only aesthetic value.  *See Kennicott Bros. Co. v. Fidanovski (In re Fidanovski)*, 347 B.R. 343, 348 (Bankr. N.D. Ill. 2006) (noting the wastefulness of  "polishing a rough but otherwise serviceable [pleading] to a high gloss").

[2]     Technically, the look-back period in the Uniform Fraudulent Transfer Act is a statute of repose, not a statute of limitations.  *See In re Reinbold v. Kohansieh (In re Sandburg Mall Realty Mgmt. LLC)*, 563 B.R. 875, 896 (Bankr. C.D. Ill. 2017 ("Statutory lookback periods are widely construed as statutes of repose, not statutes of limitations.").  So for that matter is the one-year look-back period in section 727(a)(2)(A) which applies to some of the U.S. Trustee's claims.  *See In re Neff*, 505 B.R. 255, 264-68 (B.A.P. 9th Cir. 2014).

*Silver (In re Silver)*, 367 B.R. 795, 807 (Bankr. D.N.M. 2007) (calling the Rule a "statute of limitations"). The U.S. Trustee obtained an extension of the deadline, as Rule 4004(b) permits, and filed his complaint before the extended deadline had passed. His complaint was timely under Rule 4004. Khan does not disagree.

Khan concedes that the four-year look-back period to avoid fraudulent transfers is irrelevant but claims he raised it as a defense "[o]ut of an abundance of caution." (Resp. at 7). The idea, he says, was to put the U.S. Trustee "on notice" that Khan "never owned the relevant properties," and so the transfers were "not even [his] to make." (*Id.* at 8). But since the complaint alleges that Khan *did* own both the Spokane House and the 2007 Bentley (Compl. ¶¶ 78, 232), his defenses 4 and 17 merely deny the U.S. Trustee's allegations. As mere denials, they are not proper affirmative defenses, *Bell*, 827 F.3d at 705; *Divine*, 319 F. Supp. 3d at 1003, and should be stricken.

For these reasons, the U.S. Trustee's motion to strike affirmative defenses is granted in part and denied in part without prejudice. As to defenses 4 and 17, the motion is granted. Those defenses are stricken. As to the remaining defenses, the motion is denied without prejudice. A separate order will be entered consistent with this opinion.

Dated: January 12, 2022

_____
A. Benjamin Goldgar
United States Bankruptcy Judge

-4-